PER CURIAM.
This is a custody dispute between a natural parent and the maternal grandparents.
Margaret Nixon (mother) and Rodney Nixon (father) were divorced in May 1987 in the Jefferson County Circuit Court. By agreement, custody of the parties’ eight-year-old son, Matthew, was awarded to the mother, with standard visitation to the father. After the divorce, the mother moved to Pell City, Alabama, where her parents lived. The mother experienced drug problems, and Matthew lived mostly with his maternal grandparents, the intervenors in this action.
In January 1992 the father filed a petition to modify custody. The petition alleged, inter alia, that the mother was incarcerated in the Jefferson County jail and was unable to post bond; that the mother’s drug use, etc., was not in the best interests of the minor child; that the father was a fit and proper person to have custody of the minor child; and that there had been such a material change in circumstances that a change of custody would be in the best interests of the child.
Leon Elliott and Opal Elliott (maternal grandparents) filed a motion to intervene, which was granted, and then filed a petition for custody of the minor child.
Following an ore tenus proceeding, the trial court found:
“A. The ... mother has developed a drug problem. She is presently in an in-house rehabilitation program, and has five drug related criminal felony charges now pending.
“B. The ... mother has not maintained custody of the minor son since the divorce, but has placed the child in the custody of her parents, the Intervenors.
“C. The [mother] is not now, nor has she been, able to properly care for the minor child.
“D. The evidence presented overcomes the presumption of repose and the Court finds that the welfare of the minor son justifies a change of custody to his natural father.”
The trial court awarded custody to the father, with the mother to have standard visitation with the minor child in the presence of, and in the home of, the maternal grandparents. Following the denial of a postjudgment motion, the maternal grandparents appeal.
The review of this case is governed by our supreme court’s decision in Ex parte Terry, 494 So.2d 628 (Ala.1986), which held:
‘“The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of ... misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala.1981).’ ”
Terry, 494 So.2d at 632 (quoting Ex parte Matthews, 428 So.2d 58, 59 (Ala.1983)) (emphasis added in Terry); see also Ex parte Berryhill, 410 So.2d 416 (Ala.1982).
*650 After reviewing the videotaped record of the trial, we find no evidence whatsoever to show that the father is an unfit and improper person to have custody. To the contrary, there was only testimony showing that the father is a loving and responsible parent.
The father is employed by the Birmingham Police Department and has been so employed for the last eight years. He and his second wife have a house in Hoover, Alabama, and have one child of their own. The father testified that the same opportunities available to Matthew in Pell City were available to him in Hoover.
The grandparents contend that the father has voluntarily forfeited his primary right to custody and is, therefore, required to show that the child’s best interests and welfare would be materially promoted by a change in custody. The record does not support such a contention.
Case law espoused by our supreme court in Terry dictates that the trial court award custody to the father over the maternal grandparents under the undisputed facts in this case. That same case law dictates that this court affirm the trial court’s judgment.
AFFIRMED.
All the Judges concur.